MANUEL GUZMÁN RODRÍGUEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1065. Submitted April 7, 1940.—Decided July 11, 1940.

*Mariano Acosta Velarde* and *Federico Acosta Velarde* for appellant. The registrar appeared by brief. *Monserrat, De la Haba, & Monserrat* for Central San José, Inc., as *amicus curiae.*

MR. JUSTICE WOLF delivered the opinion of the court.

Manuel Guzmán Rodríguez, in union with his wife, owns a piece of land in Río Piedras, the description of which is as follows:

"RURAL: Composed of thirty-five *cuerdas,* equivalent to thirteen hectares, seventy-five ares and sixty-four centiares, situated in the Ward Monacillo of the Municipal District of Río Piedras; bounded on the north and east with Manuel Calderón formerly, today Mrs. Ramona Muñoz de Alonso; on the south with Central Vannina, Incorporated and the main highway; and on the west with Central Vannina Incorporated and the country road which goes from the main highway to Guaynabo."

From the seventh record (*inscripción*) of the said farm it appears that former owners thereof by deed rented it to the corporation Central Vannina for a period of eleven years eight months (beginning November 4, 1910) and along with

the lease granted the corporation lessee a servitude described as follows:

"...it was granted to the Central Vannina corporation in perpetuity the right to enter, cross, and leave the lands of said property, the lessee corporation constructing, to make use of this right of way, a permanent railway, plus two sidings, with the proper grade crossings, it being stipulated that the contract of lease with the grant to enter, cross and come out of the property, once recorded in the Registry of Property, will have the effect of a real right as a lien imposed on the property binding upon subsequent purchasers...."

On the 24th of March 1939, Central Vannina, Inc., was voluntarily dissolved.

The foregoing facts are substantially the introduction of a petition for the cancellation of the servitude. Petitioner relied on various sections of the Mortgage Law as amended in 1936 and 1923.

The Registrar of San Juan, Second Section, refused the cancellation in the following note:

"DENIED.—The cancellation sought in the present document is denied: First: because we have to do with a predial and not a personal servitude (19 P.R.R. 782) as is expressed in the petition itself and in the seventh entry whereof the cancellation is sought, wherein it is stated verbatim that 'the lessors grant to the lessee corporation, in perpetuity, the right to enter, cross and come out of the lands of said estate, and the Central Vannina will construct, to make use of this servitude, a permanent railroad track which will make use of the land necessary for the track and for the passage of trains, upon condition that on said track two grade crossings shall be made, and to install on the property one or two sidings long enough for two or three wagons, for the use of the owners or their subsequent lessees, and it is also condition thereof that once the lease expires, if not renewed, the Central Vannina will accept and grind after a contract made, the cane grown on the property, on the same conditions given to the most favored planter. The lessee corporation has granted to Mr. José Martínez Llonín all the time left up to end of the month in which the deed was signed to make arrangements and withdraw his cattle from the leased property, and this concession shall not diminish the amount of the lease, which has started to run from the first of the month. The contract of lease with the

grant to enter, leave, and cross the property, and its other agreements, once recorded in the Registry of Property, will have the effect of a real right as a lien imposed on the property binding upon subsequent purchasers.' Second: because the right that the petitioners call right of way of railroad track through the property, to come in and out of the lands of the same, is nothing but a real easement of way (*servidumbre de paso*), created in a permanent form, and neither Act No. 12 of 1923, nor that of 1924, nor any other, states that 'on written motion of a party or its agent, duly attested before a notary' it is proper to cancel any real right, except a mortgage bond executed in favor of the State to guarantee the discharge of an office, if created more than twenty years ago, or in case a date was set for expiration, after the lapse thereof. Third: because the fact of dissolution of the lessee corporation cannot deprive its grantee (if it had any) from the right of way of railroad track constructed by its grantor for the passage of trains. Fourth: because it is not shown, in any way, that the railroad track has remained unused for more than twenty years, which is one of the ways of extinguishing a servitude, according to section 553 of the Civil Code, although it was created in 1910. Fifth: because servitudes are inseparable from the property to which they belong, actively or passively. (Section 541 of the Civil Code.) Sixth: because by the next-to-the-last entry, the petitioner himself leases the property in question to Central Vannina, Incorporated, for ten years to date from October 20, 1937, date of the contract, and nothing is said about the right of way of railroad track. Seventh: because not even by a tax sale are servitudes extinguished as the Honorable Supreme Court has decided in the case of *Del Llano* v. *Plazuela Sugar Company* (55 P.R.R. 567) and in that of *Colón* v. *Plazuela Sugar Co.* (47 P.R.R. 827) which is a case exactly like the one at bar and what is more, the servitude had been originally created by oral permit, and granted the right of use in perpetuity to establish, lay down and embed a railroad track, maintain it and exploit it with the adequate rolling stock. Eighth: because the case cited by the distinguished colleagues in their petition (44 P.R.R. 873) was about a personal servitude which expired with the death of the owner thereof. Ninth: because in the case 19 P.R.R. 782, which is also cited, the court declares that a right of way granted in favor of a central so that it may build a railroad over which to haul sugar thereto constitutes a real and not a personal servitude, and this is the one which the petitioners seek to cancel. Tenth: because the registrar has no power to cancel entries in the registry except by judicial order or by public deed or authentic document

in which the owner of the recorded right gives his consent to the cancellation. To hold the contrary would be to maintain that a person can be deprived of his property without due process of law. (Decision of January 18, 1940, *Del Toro* v. *Registrar*, Administrative Appeal No. 1050). Eleventh: because the petition must be verified before a Notary, as provided by Section A of Act No. 12 of 1924, and that is an essential requirement before those liens which the law enumerates may be cancelled.

"Cautionary notice has been taken for a term of one hundred and twenty days in favor of Manuel Guzmán Rodríguez at folio 69, volume 123 of Río Piedras, property number five hundred six octuplicate, annotation G. San Juan, P. R., February 19, 1940. (Sgd) Emigdio S. Ginorio, Registrar."

Manuel Guzmán Rodríguez appealed. On the 11th of March, 1940, the registrar answered. Appellant replied a few days thereafter. On the 16th of March 1940, Attorneys Monserrat, De la Haba and Monserrat, as attorneys for the corporation Central San José, Inc., asked leave to intervene as *amicus curiæ*. The petition, among other things, states as follows:

"That Central San·José, Inc., is the grantee by purchase of the factory and estates that had belonged to Central Vannina, Inc., and that it is this estate that makes use of the servitude of way to transport cane by railway, upon the property of the petitioner."

Leave to appear was granted. The brief of the *amicus curiæ* was filed and on April 7, 1940, the petitioner filed an answering brief.

The appellant insists that the servitude in this case is personal and not predial; that it was personal to the Central Vannina Corporation; that it expired with the life of the Central Vannina, if not with the expiration of the lease. The registrar shows that there was a renewal of the lease from 1937 for 10 years, so that the principal argument is whether the right of servitude expired with the life of the corporation.

From the note of the registrar it is evident that a great many questions are raised. He might be right on all or many

of the arguments advanced and so might the *amicus curiæ.* We are convinced that this record should not be cancelled by a mere petition to that effect by the owner of the land and without the acquiescence of the person or persons who might claim a present interest in maintaining the alleged servitude. These matters should be settled in a plenary suit.

As this reason stands out prominently and is to us a fundamental one, we do not find it necessary to pass upon the other questions presented, and the note of the registrar will be affirmed.